1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JERRY D. PROFFITT,

11          Petitioner,                         No. CIV S-08-2680 EFB P

12          vs.

13   T. FELKER, Warden, et al.,

14          Respondents.                        <u>ORDER</u>

15   _____/

16          This case is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. §

17   636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2). Petitioner is a state prisoner without

18   counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He seeks leave to proceed *in*

19   *forma pauperis*. *See* 28 U.S.C. § 1915(a).

20          Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford

21   the costs of suit. As explained below, the petition is second or successive, and this court lacks

22   jurisdiction to consider it.

23   ////

24   ////

25   ////

26   ////

1

# I.     Facts

In the petition pending in this action, petitioner challenges the June 7, 2001, judgment of conviction of sexual abuse rendered by the Shasta County Superior Court. This is the fifth petition he has filed in this court challenging the same judgment.[1] The court dismissed the first petition on the ground that it contained unexhausted claims. *See Proffitt v. Kernan*, Civ. No. S-04-0966 GEB GGH P. The court dismissed the second petition on the ground it was untimely. *See Proffitt v. Campbell*, Civ. No. S-06-2143 GEB GGH P. The third and fourth petitions were dismissed on the ground that they were second or successive. *Proffit v. Subia*, Civ. No. S-07-2603 MCE EFB P; *Proffitt v. Martel*, Civ. No. S-08-1286 KJM P.

# II.     Analysis

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007*)*; *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Here, there is no question that petitioner has on prior occasions filed federal habeas petitions challenging the judgment petitioner now challenges. No federal court has ever discussed the claims raised in the petitions. However, one petition was dismissed as untimely. Thus, the question is whether a dismissal as untimely constitutes a decision on the merits. As explained below, the court finds that it does.

The statute of limitations is an affirmative defense. *See Day v. McDonough*, 547 U.S. 198, 207-09 (2006). For purposes of the prohibition on considering petitions previously dismissed on the merits, the dismissal of a habeas application as untimely is analogous to the affirmative defense that petitioner defaulted a state procedural rule. *See Bennett v. Mueller*, 322 F.3d 573, 585 (9th Cir. 2003) (petitioner's default of a state procedural rule is an affirmative defense). Precedent pre-dating the Anti-Terrorism and Effective Death Penalty Act (hereafter

---

[1] A court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir. 1980).

1    "AEDPA") holds that, "in general, a dismissal of a federal habeas petition on the ground of state

2    procedural default is a determination 'on the merits' for purposes of the successive petition

3    analysis in *Sanders v. United States*, 373 U.S. 1 (1963)."[2]  *Howard v. Lewis*, 905 F.2d 1318,

4    1319 (9th Cir. 1990).  Even though the court "is *not* determining the merits of the underlying

5    claims, it *is* making a determination on the merits that the underlying claims *will not* be

6    considered by a federal court for reasons of comity." *Howard*, 905 F.2d at 1322.  The federal

7    court will not decide the factual and legal disputes of the first petition solely because the state

8    court had a reason grounded in state law for not doing so, and federal policy is to respect the

9    state's ruling. *Id*. at 1322-23.  Therefore, if a petitioner brings a subsequent petition challenging

10   the same judgment on the same grounds, "the interest underlying the dismissal of the first

11   petition, i.e., federal-state comity, is still present." *Id*. at 1323.  After the AEDPA, the federal

12   concern for comity is even greater than before. *See Henderson v. Lampert*, 396 F.3d 1049, 1053

13   (9th Cir. 1999) (the "AEDPA has only strengthened the "petition-limiting rules" interpreted in

14   *Howard* and similar pre-AEDPA decisions.").  Accordingly, *Howard* retains its precedential

15   value and "a denial on grounds of procedural default constitutes a disposition on the merits and

16   thus renders a subsequent § 2254 or § 2255 motion 'second or successive' for purposes of the

17   AEDPA." *Henderson*, 396 F.3d at 1053.

18        As with a procedural default, once a court dismisses a habeas application as untimely, it

19   announces that the court will not reach the merits.  Furthermore, the limitation period of §

20   2244(d)(1) "quite plainly serves the well-recognized interest in the finality of state court

21   judgments." *Duncan v. Walker*, 533 U.S. 167, 179 (2001).  While not mentioned in *Henderson*,

22   the interest in finality ordinarily is expressed in the same breath as the interest in comity with

23

24        [2] In *Sanders*, the United States Supreme Court stated that a federal court need not
determine a second habeas application challenging the same judgment if (1) the same ground
25   presented in the subsequent application was determined adversely to the applicant on the prior
application, (2) the prior determination was on the merits, and (3) the ends of justice would not
26   be served by reaching the merits of the subsequent application." *Sanders*, 373 U.S. at 15.

3

respect to the bar to entertaining claims deemed defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them."); *see also Murray v. Carrier*, 477 U.S. 478, 495 (1986) ("comity and finality must yield to the imperative of correcting a fundamentally unjust incarceration). From this precedent, it is clear that the function of these two defenses is the same and the policies underlying them overlap. Given these similarities, the court finds that for purposes of 28 U.S.C. § 2244(b), they should be treated the same. Accordingly, dismissal as untimely under 28 U.S.C. § 2244(d) is a determination 'on the merits' for purposes of deciding whether an application is second or successive.

Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

This court previously has dismissed as untimely an application for habeas relief in which petitioner challenges the judgment at issue in this case. That dismissal was on the merits in the sense that no court can adjudicate petitioner's claims. Petitioner has not demonstrated that he has an order from the Ninth Circuit authorizing this court to entertain this action.[3]

Accordingly, it is hereby ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted.

2. Petitioner's December 10 and 19, 2008, motions for the appointment of counsel are denied.

////

---

[3] The court does not give petitioner an opportunity to produce any such order because he already has had an opportunity to do so in an earlier case in which this court dismissed pursuant to 28 U.S.C. § 2244(b).

4

1         3. This action is dismissed on the ground that the petition is second or successive and

2    petitioner has not demonstrated that the Ninth Circuit has granted him leave to file it in this

3    court.

4    Dated:  May 1, 2009.

                                       EDMUND F. BRENNAN

                                       UNITED STATES MAGISTRATE JUDGE