1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JERRY D. PROFFITT,

11              Petitioner,                No. CIV S-08-2680 EFB P

12         vs.

13    T. FELKER, Warden,

14              Respondent.                <u>ORDER</u>

15    _____/

16         Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17    U.S.C. § 2254.  Currently pending before the court is his motion for relief from the judgment

18    entered May 1, 2009.  *See* Fed. R. Civ. P. 60(b).  For the reasons explained below, the motion

19    must be denied.

20         A habeas petitioner may seek relief under Rule 60(b) of the Federal Rules of Civil

21    Procedure.  *Gonzales v. Crosby*, 545 U.S. 524, 535-36 (2005).  The May 1, 2009, judgment was

22    entered pursuant to this court's finding that it lacked jurisdiction over the habeas application

23    because it was second or successive.  *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Slack v.*

24    *McDaniel*, 529 U.S. 473, 485-486 (2000).  In the instant motion, petitioner asserts that he has

25    requested leave from the Ninth Circuit to proceed with a second habeas petition.  He also

26    outlines the arguments he has presented to that court.

1

1    The various bases for setting aside a final judgment or order are enumerated in Rule

2    60(b):

3    **(b)    Grounds for Relief from a Final Judgment, Order, or Proceeding**. On
         motion and just terms, the court may relieve a party or its legal
4        representative from a final judgment, order, or proceeding for the following
         reasons:

5
6        (1) mistake, inadvertence, surprise, or excusable neglect;

7        (2) newly discovered evidence that, with reasonable diligence, could not
          have been discovered in time to move for a new trial under Rule 59(b);

8        (3) fraud (whether previously called intrinsic or extrinsic),
         misrepresentation, or misconduct by an opposing party;

9
10        (4) the judgment is void;

11        (5) the judgment has been satisfied, released or discharged; it is based on
          an earlier judgment that has been reversed or vacated; or applying it
          prospectively is no longer equitable; or

12
13        (6) any other reason that justifies relief.

14   Fed. R. Civ. P. 60(b).  This court dismissed petitioner's habeas application on the ground that it

15   was second or successive and that this court lacked jurisdiction.  The court found that petitioner

16   had not demonstrated that the Ninth Circuit issued an order authorizing him to proceed with a

17   second or successive petition.  *See* 28 U.S.C. § 2244 (b)(3)(A).  Similarly, he fails to make any

18   such showing in the instant motion.  He merely asserts that he has requested such permission and

19   he outlines the arguments presented to that court.  Petitioner has not demonstrated that he is

20   entitled to relief from the judgment under any of the criteria in Rule 60(b).

21        Accordingly, it is ORDERED that petitioner's July 1, 2009, motion for relief from the

22   judgment is denied.

23   Dated: July 9, 2009.

24                        EDMUND F. BRENNAN
                         UNITED STATES MAGISTRATE JUDGE
25

26